**GOLDBERG SEGALLA LLP**
Thomas J. O'Grady, Esq (NJ Bar ID #029001994)
902 Carnegie Center/Suite 100
Princeton, New Jersey 08540-6530
(609) 986-1300
(609) 986-1301 (fax)

*Attorneys for Plaintiff*
*Everbrite, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EVERBRITE, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>ONTEL PRODUCTS CORPORATION, WORLD PACK USA, LLC, and JOHN DOES 1-10,<br><br>              Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff Everbrite, LLC ("Everbrite"), by and through its attorneys, Goldberg Segalla LLP, as and for its Complaint against Defendants Ontel Products Corporation ("Ontel") and World Pack USA, LLC ("World Pack", and together with Ontel, "Defendants"), states as follows:

**PARTIES**

1. Everbrite is a limited liability company organized and existing under the laws of Wisconsin, with its principal place of business at 4949 South 110th Street, Greenfield, Wisconsin 53228.

2. Upon information and belief, Ontel is a corporation organized and existing under the laws of New Jersey, with its principal place of business at 21 Law Drive, Fairfield, New Jersey.

3. Upon information and belief, World Pack is a limited liability company organized and existing under the laws of Nevada, with its principal place of business at 2880 North Lamb Boulevard, Las Vegas, Nevada 89115.

4. Upon information and belief, John Does 1 through 10 are individuals or entities residing in or otherwise and systematically conducting and transacting business in this district and are engaged in the activities complained of herein. Upon learning of the specific identity of said Defendants, Plaintiff will move to substitute the named parties or to otherwise amend this Complaint.

## JURISDICTION

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. In particular, the Court has original jurisdiction under 28 U.S.C. § 1338 over the claims arising under 15 U.S.C. §§ 1125(a) and 1125(d). It has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

6. This Court has personal jurisdiction over each Defendant because (i) each Defendant resides in this state and/or continuously and systematically conducts, transacts, and solicits business in this district; (ii) the Defendants operate an interactive and commercial website through which they sell the infringing goods complained of herein to residents of this district and otherwise ship products into this district for purposes of resale; (iii) the Defendants commit tortious acts within this district by selling and advertising their infringing goods here;

and (iv) the events giving rise to this Complaint occurred in this state and/or had effects in this state.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because the Defendants are residents of this district and/or transact business in this district, each Defendant has substantial contacts with this district, and a substantial part of the events giving rise to this Complaint occurred in this district.

## FACTS COMMON TO ALL COUNTS

8. Everbrite designs and manufactures point-of-purchase signs, displays, outdoor identity systems, illuminated signs, illumination systems, and other lighting and lighting-related products.

9. Everbrite is the owner of the EVERBRITE mark, among other trademarks.

10. The EVERBRITE mark has been in continuous use by Everbrite in connection with illumination and lighting products since 1935.

11. The EVERBRITE mark has been in continuous use by Everbrite in connection with light emitting diode ("LED") lighting products since the 1990s.

12. Everbrite's LED products span a broad range of consumer and commercial applications. Everbrite's specific LED product categories include, among other things, indoor and outdoor promotional LED custom display systems, sports-team and movie-branded LED nightlights, indoor LED logo signs, LED lighting systems for use in MRI rooms, LED lighting systems for use in hospital rooms, LED lighting systems for parking lot and parking garage illumination, and outdoor LED accent lighting systems.

13. Everbrite's LED products are distributed in various channels of commerce, including online and brick-and-mortar retail outlets.

14. Everbrite has spent considerable time, effort, and money developing and promoting the EVERBRITE mark and its associated goodwill in connection with illuminated signage and illumination systems, including LED signs, LED display systems, LED lights, and LED illumination systems.

15. Everbrite has continuously maintained its official website at the URL www.everbrite.com since 1998.

16. In or about 2015, Ontel began marketing, promoting, and selling an outdoor LED solar light (the "Solar Light") under the tradename "Ever Brite" through direct marketing television commercials aired on one or more national television networks.

17. At or about the same time, Ontel established a website for the Solar Light at the URL www.buyeverbrite.com, through which the Solar Light is available for purchase.

18. Ontel promotes and markets the Solar Light as an outdoor light for affixing to the exterior surfaces of buildings such as houses, sheds, and garages.

19. Ontel promotes and markets the Solar Light with various graphic logos, including but not limited to those pictured directly below.



20. Upon information and belief, World Pack processes, fulfills, and/or administers orders for the Solar Light placed through www.buyeverbrite.com and through the phone number(s) displayed in direct marketing television commercials for the Solar Light.

21. Upon information and belief, World Pack ships units of the Solar Light to customers located throughout the United States and its territories, as well as Canada.

22. The www.buyeverbrite.com website instructs customers to email everbritecs@worldpackusa.com for customer service. Upon information and belief, this email address is owned and controlled by World Pack.

23. On or about February 9, 2016, Defendants were sent a letter demanding, among other things, that they cease their unauthorized use of the EVERBRITE mark in connection with the Solar Lights, as well as their use of the www.buyeverbrite.com website. Defendants have manifested a clear refusal to stop such unauthorized and wrongful use, and they continue to use the EVERBRITE mark and the www.buyeverbrite.com website with bad faith intent to profit.

24. The activities of Ontel and World Pack in connection with the Solar Light are likely to cause and actually have caused numerous instances of confusion among the public as to the source of the Solar Light.

25. In particular, Everbrite has received numerous phone calls since January 2016 from persons making various inquiries about the Solar Light. Such phone calls have included complaints relating to shipping delays, errant charges, and unwanted orders, among other issues.

26. Everbrite has also received numerous emails from persons making various inquiries about the Solar Light. Such emails have included complaints relating to shipping delays, errant charges, and unwanted orders, among other issues.

## COUNT I
## FALSE DESIGNATION OF ORIGIN AND
## UNFAIR COMPETITION

27. Everbrite repeats and realleges the allegations set forth in paragraphs 1-26 as if set forth in full.

28. Defendants' unauthorized use in commerce of the EVERBRITE mark and/or confusingly similar marks in connection with the Solar Light constitute a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact.

29. Defendants' unauthorized use in commerce of the EVERBRITE mark and/or confusingly similar marks in connection with the Solar Light are likely to cause and have actually caused confusion, deception, or mistake to the effect that Everbrite is affiliated with, is the source of, sponsors, and/or approves of the Solar Light.

30. Defendants' acts in connection with the EVERBRITE mark and/or confusingly similar marks are accordingly in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. Defendants' ongoing conduct has caused and is continuing to cause immediate and irreparable injury to Everbrite, and it will continue to do so unless enjoined.

32. Everbrite has no adequate remedy at law.

## COUNT II
## CYBERPIRACY PREVENTION

33. Everbrite repeats and realleges the allegations set forth in paragraphs 1-32 as if set forth in full.

34. Defendants have registered, trafficked in, and used the website www.buyeverbrite.com with a bad faith intent to profit from the EVERBRITE mark.

35. The EVERBRITE mark was distinctive at the time Defendants registered the domain name.

36. The www.buyeverbrite.com website is confusingly similar to the EVERBRITE mark and the www.everbrite.com website.

37. Defendants' acts in connection with the www.buyeverbrite.com website are accordingly in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

38. Defendants' ongoing conduct has caused and is continuing to cause immediate and irreparable injury to Everbrite, and it will continue to do so unless enjoined.

39. Everbrite has no adequate remedy at law.

**COUNT III**
**UNFAIR COMPETITION**

40. Everbrite repeats and realleges the allegations set forth in paragraphs 1-39 as if set forth in full.

41. Defendants' acts, as described above, constitute unfair competition in violation of the statutory laws of New Jersey, specifically N.J. Stat. §§ 56:4-1 *et seq.*

42. Defendants' ongoing conduct has caused and is continuing to cause immediate and irreparable injury to Everbrite, and it will continue to do so unless enjoined.

43. Everbrite has no adequate remedy at law.

**WHEREFORE**, Everbrite demands judgment against Defendants:

   a. Permanently restraining and enjoining Defendants and any of their officers, agents, privies, shareholders, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns from unauthorized use of the EVERBRITE mark;

   b. Granting compensatory damages, treble damages, attorneys' fees, prejudgment interest, and costs;

   c. Ordering the forfeiture or cancellation of the www.buyeverbrite.com website; and

   d. For such other and further relief as the Court deems just and proper.

              GOLDBERG SEGALLA LLP
              902 Carnegie Center/Suite 100
              Princeton, New Jersey 08540-6530
              (609) 986-1300

              *Attorneys for Plaintiff*
              *Everbrite, LLC*


              By: s/ Thomas J. O'Grady
Dated: July 11, 2016         (NJ BAR ID # 029001994)

8

## **JURY DEMAND**

Plaintiff Everbrite, LLC demands a trial by Jury on all issues set forth in the Complaint.

                                    GOLDBERG SEGALLA LLP
                                    Attorneys for Plaintiff
                                    Everbrite, LLC


                                By: s/ Thomas J. O'Grady
Dated: July 11, 2016                      (NJ BAR ID # 029001994)

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding No other action or arbitration proceeding is contemplated and no other parties need to be joined in the above action.

                                                GOLDBERG SEGALLA LLP
                                                Attorneys for Plaintiff
                                                Everbrite, LLC

Dated: July 11, 2016                    By: s/ Thomas J. O'Grady
                                                      (NJ BAR ID # 029001994)